CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE
*1036 I. INTRODUCTION & BACKGROUND
Plaintiff Stephanie Sotomayor brings this putative class against Defendant Bank of America, N.A., under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. (See generally Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff alleges that Defendant used an automatic telephone dialing system to place over 150 calls to Plaintiff's cellular telephone number to collect on a debt after she requested that Defendant stop calling that number. (Id. ¶¶ 8, 11, 13.) She seeks to certify two classes, including a "TCPA Class" comprised of "[a]ll persons throughout the United States (1) to whom Bank of America, N.A. placed, or caused to be placed, one or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification, (5) after Bank of America, N.A. was instructed to stop placing calls [to] their cellular telephone numbers." (Id. ¶ 23.)
Before the Court is Defendant's motion to dismiss or strike pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. 12 [hereinafter "Mot."].) Defendant rests its motion on Bristol-Myers Squibb Co. v. Superior Court , in which the Supreme Court held a state court could not exercise specific jurisdiction in a mass tort action over non-California residents' claims, where there was no link between California and the nonresidents' claims. --- U.S. ----, 137 S.Ct. 1773, 1781-82, 198 L.Ed.2d 395 (2017). Based on Bristol-Myers , Defendant contends this Court lacks personal jurisdiction over the TCPA claims of non-California resident putative class members. For the following reasons, Defendant's motion to dismiss or strike is DENIED .[1]
II. ANALYSIS
A party may move to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Federal courts may only decide cases over which they have statutory jurisdiction and where the exercise of jurisdiction comports with due process. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co. , 284 F.3d 1114, 1123 (9th Cir. 2002). When subject matter jurisdiction is based on diversity, the district court applies the law of the state in which the court sits. Fed. R. Civ. P. 4(k)(1)(A) ; Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme , 433 F.3d 1199, 1205 (9th Cir. 2006). Because California's long-arm statute, California Civil Procedure Code § 410.10, extends jurisdiction to the limit of federal due process, the Court need only consider due process. See id.; Glencore , 284 F.3d at 1123. Constitutional due process is satisfied when a nonresident defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."
*1037 Williams v. Yamaha Motor Co. , 851 F.3d 1015, 1022 (9th Cir. 2017) (quoting Int'l Shoe Co. v. Washington , 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ). There are two recognized bases for exercising jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises where the defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over it in all matters; and (2) "specific jurisdiction," which arises when the defendant's specific contacts with the forum give rise to the claim in question. Helicopteros Nacionales de Colombia, S.A. v. Hall , 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ; Doe v. Am. Nat'l Red Cross , 112 F.3d 1048, 1050-51 (9th Cir. 1997).
The Court focuses here on specific jurisdiction. Defendant does not dispute that the Court has specific jurisdiction over the TCPA claims of Plaintiff and the California residents that she seeks to represent. (Mot. at 2.) Defendant contends, however, that the Court lacks personal jurisdiction over Defendant for the TCPA claims of any non-California residents that Plaintiff proposes to represent. Defendant asserts that Bristol-Myers requires the Court either to dismiss or strike these claims.
In Bristol-Myers , a nationwide group of consumers brought a products liability action in the San Francisco Superior Court against a prescription drug manufacturer. Plaintiffs asserted various state law claims based on injuries allegedly caused by Plavix, a drug produced and sold by the manufacturer. --- U.S. ----, 137 S.Ct. 1773, 1777, 198 L.Ed.2d 395 (2017). The manufacturer, which was incorporated in Delaware and headquartered in New York, argued that the Superior Court lacked specific jurisdiction as to the claims of nonresident plaintiffs. Id. The Superior Court concluded that it had such specific jurisdiction, and the California Court of Appeal and California Supreme Court affirmed. Id. at 1778. In affirming the lower court's decision, the California Supreme Court applied a "sliding scale approach" to specific jurisdiction, in which "the more wide ranging the defendant's forum contacts, the more readily is shown a connection between the forum and the defendant." Id.
On appeal, the United States Supreme Court rejected this approach and concluded that the Superior Court lacked specific jurisdiction over the nonresident claims. The Court found no "adequate link" between California and the nonresidents' claims when "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." Id. at 1781. The mere fact that other plaintiffs "were prescribed, obtained, and ingested Plavix in California-and allegedly sustained the same injuries as did the nonresidents"-did not allow California to "assert specific jurisdiction over the nonresidents' claims." Id.
Plaintiff asserts that Bristol-Myers applies to mass tort actions, not class actions. The Court agrees. Although the Ninth Circuit has not addressed this question, the weight of authority examining this issue has concluded that Bristol-Myers does not apply to class actions.[2] See, *1038 e.g. , Cabrera v. Bayer Healthcare, LLC , 2019 WL 1146828, at *7-8 (C.D. Cal. Mar. 6, 2019) (collecting cases). In reaching this conclusion, courts have relied on two key distinctions between a class action and a mass tort action. First, a plaintiff in a mass tort action is named as a plaintiff, making each "a real party in interest." In contrast, only the proposed class representative is actually named on the complaint in a class action. Accordingly, while the claims of nonresident plaintiffs were pertinent to the issue of specific jurisdiction in Bristol-Myers , the claims of unnamed class members are not implicated in the question of specific jurisdiction in a class action. See Phillips Petroleum Co. v. Shutts , 472 U.S. 797, 811, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) (finding a court "may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant"); see also Devlin v. Scardelletti , 536 U.S. 1, 9-10, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) ("Nonnamed class members ... may be parties for some purposes and not for others."). Second, Federal Rule of Civil Procedure 23 imposes additional due process safeguards on class actions that do not exist in the mass tort context. See Fed. R. Civ. P. 23 (requiring that there are common questions of law or fact, that the class representative's claims are typical to the class's claims, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy). Mass tort actions, like the one in Bristol-Myers , do not-and generally cannot-meet the requirements of Rule 23, because there are typically significant variations in the plaintiffs' claims. At its core, "[p]ersonal jurisdiction is rooted in fairness to the defendant, and Rule 23 provides significant safeguards to that end." Allen v. ConAgra Foods, Inc. , 2018 WL 6460451, at *7 (N.D. Cal. Dec. 10, 2018). These significant differences persuade the Court to decline to extend Bristol-Myers to the class action context.
Extending Bristol-Myers to class actions, as Defendant suggests, would radically alter the existing universe of class action law. In Bristol-Myers , Justice Sotomayor's dissent explicitly noted that "[t]he Court ... does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs not all of whom were injured there." 137 S.Ct. at 1789 n.4 (Sotomayor, J., dissenting). "The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only,' " enabling both courts and parties to save resources by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23. Gen. Tel. Co. of Sw. v. Falcon , 457 U.S. 147, 155, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Bristol-Myers does not suggest any intent to dramatically curtail the availability of the class action device, requiring class actions, even those involving federal questions in federal court, to be filed in each state or only in the state in which the defendant is incorporated or has its principal place of business. Absent controlling authority to the contrary, the Court declines to extend Bristol-Myers to the class action context. Accordingly, the Court DE NIES
*1039 Defendant's motion to dismiss or strike the nonresident putative class members' TCPA claims for lack of personal jurisdiction.
III. CONCLUSION
For the foregoing reasons, Defendant's motion to dismiss or strike is DENIED .

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. See Fed. R. Civ. P. 78 ; Local Rule 7-15. Accordingly, the hearing set for May 13, 2019 at 1:30 p.m. is hereby vacated and off calendar.

Defendant cites a number of out-of-circuit decisions holding otherwise, but the Court finds these decisions are unpersuasive. Most of these decisions come from the Northern District of Illinois and build off each other. See, e.g., Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc. , 2018 WL 3474444, at *2-3 (N.D. Ill. July 19, 2018) ; Chavez v. Church & Dwight Co., Inc. , 2018 WL 2238191, at *11 (N.D. Ill. May 16, 2018) ; Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc. , 301 F.Supp.3d 840, 862 (N.D. Ill. 2018). District courts throughout the Ninth Circuit, however, have consistently disagreed with this line of authority. See, e.g., Cabrera , 2019 WL 1146828, at *8 ("The decisions concluding that Bristol- [Myers ] does not apply in the class action context are more persuasive."); see also Branca v. BAI Brands, LLC , 2019 WL 1082562, at *13 (S.D. Cal. Mar. 7, 2019) (same); Thompson v. Transamerica Life Ins. Co. , 2018 WL 6790561, at *6 (C.D. Cal. Dec. 26, 2018) (same).